**NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., as Secretary of the Department of Health, Education and Welfare, et al., Defendants.**

**No. 77 Civ. 4483 (KTD).**

United States District Court, S. D. New York.

June 12, 1979.

**374**

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for plaintiff; Peter F. Nadel, Nadia C. Adler, Stephen L. Ratner, J. Christopher Eagan, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendant Califano; Gaines Gwathmey, III, Asst. U. S. Atty., New York City, of counsel.

Louis L. Lefkowitz, Atty. Gen. of State of N.Y., New York City, for State defendants; Charles A. Miller, Patricia A. Barald, Mark I. Levy, Special Asst. Attys. Gen., Covington & Burling, Washington, D.C., of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, New York City Health and Hospitals Corporation, [hereinafter referred to as "HHC"], brings this action against the Secretary of the Department of Health, Education and Welfare, [hereinafter referred to as "the Secretary"], the New York State Commissioners of Social Services and Health, the Director of the Budget and the Governor of New York State, [hereinafter collectively referred to as "the State defendants"]. Plaintiff challenges New York State's Plan for Medical Assistance, [hereinafter referred to as "the Plan"], which is submitted by the state and approved by the Secretary and which calculates the reimbursement rates to hospitals for inpatient medical services rendered pursuant to the Medicaid Act (42 U.S.C. §§ 1396 et seq.). Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, 1361, 2201–02.

Congress by enacting the Medicaid Act, [hereinafter referred to as "the Act"], sought to make quality health services available to both indigent and low-income persons. To this end the Act makes federal funds available to those states electing to participate in the Medicaid program. Although participation in the program is optional, New York has elected to participate.

In particular, the Act provides that those hospitals in participating states which provide care for medicaid-eligible patients are to receive reimbursement for such services from a reserve funded jointly by federal and state authorities. The participating states are required to adopt a Plan for Medical Assistance which is required to set forth a formula pursuant to which the state will reimburse its hospitals. Under the Act, all such plans are to be approved by the Secretary prior to their implementation by the state. It is the submission of this Plan by New York and the approval thereof by

the Secretary which is the subject of the instant suit.

HHC is a public benefit corporation that operates the 15 municipal hospitals in the City of New York. It is also the primary source of medical services to the indigent in the City as well as the largest provider of Medicaid services in the country.

The defendants are the Secretary, who is charged with approving the various plans submitted by participating states under the Act, and the state defendants who are responsible for the operation of the Medicaid program in New York State.

As long as New York has been participating in the Medicaid program the New York Plan has, from time to time, been amended with the requisite approval of the Secretary. Three such amendments are relevant to the case at bar:

(1) In August and October of 1976, New York State submitted and the Secretary approved several major amendments to the Plan which directly effected the reimbursement rates to New York hospitals. These amendments acted to freeze those payments to be made for hospital services rendered in 1976 to the rates paid for services rendered in 1975. They were unsuccessfully attacked by the Hospital Association of New York as not reimbursing the hospitals for the "reasonable costs" of services as provided under the Act. The case, *Hospital Association of New York State, Inc. v. Toia*, 473 F.Supp. 917, [hereinafter referred to as "HANYS"], was recently decided by Judge Lasker of this Court in a particularly well reasoned opinion;

(2) In March and April of 1977, New York submitted and the Secretary approved substantial amendments to those which were the subject of the *HANYS* litigation. These amendments are the subject of the instant suit;

(3) In November, 1977 and January, 1978 further amendments were submitted by New York and approved by the Secretary whereby the amendments at bar were substantially revised.

In *HANYS*, virtually identical in principle to the case at bar, the plaintiffs challenged certain amendments to New York's Plan. The challenged amendments, however, subsequently underwent major revisions in the form of further amendments of the Plan. In light of these amendments, the state defendants in *HANYS* moved to dismiss the entire case as moot or, in the alternative, to dismiss the complaint solely as to them while the Court retain the case with respect to the issue of whether the Secretary, a co-defendant in the action, employed improper or inadequate procedures in approving the Plan. The Secretary also moved to dismiss the entire case as moot in light of the recent amendments.

Judge Lasker granted the state defendants' alternative motion stating that:

[S]ince the complaint relates only to provisions of the State's 1976 methodology for reimbursing hospitals, a methodology which has undergone substantial revision in 1977, the record before us is both incomplete and stale.

The plaintiffs' claim that the State's 1976 methodology for determining reimbursements of hospital Medicaid expenses violates the federal statute, involves a matter of substantial public importance and, at least prospectively, could involve large sums of public money. 'Adjudication of such problems, certainly by way of resort to a discretionary declaratory judgment, should rest on an adequate and full-bodied record. The record before us is woefully lacking in these requirements.' *Public Affairs Press v. Rickover*, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962).

Memorandum opinion of November 17, 1978, *aff'd, Hospital Association of New York State, Inc. v. Toia*, 577 F.2d 790 (2d Cir. 1978).

As to the Secretary, however, Judge Lasker held that:

[a]lthough it is true that in 1977 the state made substantial amendments to the 1976 plan here under attack, nevertheless . . the fact that if a violation has occurred on the part of HEW there is a "cogniza-

ble danger of recurrent violation" unless the court grants relief. *United States v. W. T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). If HEW has acted unlawfully this court has the power to compel appropriate action. Administrative Procedure Act, 5 U.S.C. § 706(1). *Id.*

In the instant action the state defendants and the Secretary have both moved to dismiss the complaint on the grounds that by virtue of the revision of those amendments in issue, the case has been rendered moot. The state defendants, however, contrary to their position adopted in *HANYS*, urge that should the Secretary be held in this action they do not seek to be dismissed as a party on the grounds that the record before me is stale and incomplete. Accordingly, the state defendants' motion to dismiss is necessarily contingent upon my determination of the Secretary's assertion of mootness to which I now turn.

Plaintiff's allegations are in essence two-pronged. First, the complaint charges that the state defendants violated various provisions of the Act in calculating the formula under which New York Hospitals were to be reimbursed for Medicaid services. It is further charged that in light of these violations, HEW's approval of the State's Plan was "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and accordingly, [the State Plan is] invalid." Plaintiff seeks a declaration that the New York Plan and the Secretary's approval thereof were contrary to the Act and in addition seeks to enjoin the implementation of said amendments.

The Secretary attacks the complaint arguing that in light of the substantial revisions of the amendments in issue, there no longer exists a live controversy. He urges that the complaint attacks only the exercise of his discretion in approving these particular amendments of the Plan. He concludes, therefore, that since the amendments are no longer in operation, an attack upon his discretion exercised in this particular instance, even if successful, would have no effect upon the parties to this action and the action is thereby moot.

Plaintiff, however, argues that the complaint attacks not only the Secretary's discretion in approving the amendments at bar but in addition attacks the procedures employed by the Secretary in deciding to approve these amendments. It urges that although the particular amendments in issue have been superceded by subsequent amendment, the procedures employed by the Secretary will indeed be applied again in considering future amendments. Moreover, given the frequency of these amendments, the procedures employed by the Secretary would in effect be immunized from judicial review if, as in the case at bar, the challenged amendments are revised while the action is pending and the defendant thereby successfully argues that the case is moot. In other words, the issue presented (the Secretary's procedure in approving or disapproving the Plan) is capable of repetition yet likely to evade review. Accordingly, plaintiff argues that the instant complaint falls within the parameters of a well defined exception to the mootness doctrine and should therefore withstand the Secretary's attack. *See, e.g., Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

Upon careful consideration, I cannot adopt the restricted view of plaintiff's amended complaint urged by the Secretary. Rather, it is my opinion that the complaint, liberally construed, goes beyond the Secretary's discretion in approving the particular amendments in issue and attacks the very procedures, or lack thereof, employed by the Secretary in arriving at his ultimate determination. Thus, the complaint before me presents a classic example of an issue capable of repetition yet, through frequent administrative action, likely to evade review. *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *United States v. W. T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). Moreover, if plaintiff were successful in the instant suit, it is likely that this would alter the Secretary's behavior insofar as consideration of future amendments of the Plan are

concerned, *see Kaye v. Funding Systems Corp.*, Nos. 76–7272, 7544 at 4265 (2d Cir. June 20, 1977), *opinion vacated by order of the Court*, and therefore the declaratory relief sought by HHC would not be a meaningless gesture.

In light of the above analysis and the state defendants willingness to remain in the suit as long as the Secretary remains a party, I need not decide what effect, if any, the eleventh amendment will have upon any relief herein.

There remains, however, the question of what effect Judge Lasker's recent decision in *HANYS* has upon the case at bar. It is apparent that the sole basis for finding that the instant action is not moot is that the complaint attacks not only the discretion of the Secretary exercised in relation to the amendments in issue but also the procedures employed in connection therewith. It is these procedures which I find to be capable of repetition yet likely to evade review. It is equally clear that this was the precise ground relied upon by Judge Lasker in denying the Secretary's motion to dismiss *HANYS* as moot. See *Hospital Association of New York State, Inc. v. Toia*, 473 F.Supp. 917 at 924 (S.D.N.Y. April 25, 1979). Since the procedures used by the Secretary in *HANYS* were sustained by Judge Lasker after a full trial on the merits, this would appear to be dispositive of part or all of the instant action. Indeed, the parties have indicated that the procedures under attack in *HANYS* and those in the instant action are, in some respects, virtually identical.

In light of *HANYS*, therefore, I invite the parties to submit *brief* memoranda addressing only the question of whether *HANYS* is dispositive of some or all of the issues raised herein. These memoranda should be submitted within 20 days of this opinion and should merely outline those areas (procedures) at bar which are deemed to be similar or dissimilar to those addressed in *HANYS*. Thereafter, if motions are deemed appropriate based upon *HANYS* as to some or all of the procedures at bar they are to be made within 30 days of this opin-ion. In addition, I adjourn the parties' motions for summary judgment, previously adjourned until determination of the instant motion, for 30 days.

Accordingly, defendants' motions to dismiss this action as moot are denied and the parties are directed to submit memoranda as provided above.

SO ORDERED.